**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

MARTIN CARDENAS,
           *Defendant-Appellant.*

No. 03-10009

D.C. No.
CR-99-20217-JW

OPINION

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted
March 18, 2005—San Francisco, California

Filed May 4, 2005

Before: John T. Noonan, Sidney R. Thomas, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Noonan

**COUNSEL**

Christopher Johns, San Rafael, California, for the defendant-appellant.

Amber Rosen, San Jose, California, for the plaintiff-appellee.

**OPINION**

NOONAN, Circuit Judge:

Martin Cardenas appeals the mandatory minimum sentence he received after pleading guilty to three counts of possessing heroin with intent to distribute, and one count of possessing heroin and cocaine with intent to distribute. Although he waived the right to appeal, he contends that the government breached the plea agreement and that his sentence is illegal because he was entitled to the safety valve codified at 18 U.S.C. § 3553(f). We hold that there was no breach by the government and that the sentence was not illegal. We dismiss the appeal.

FACT AND PROCEEDINGS

During the month of September 1999, Cardenas on three occasions sold a total of 50 ounces of heroin for a total amount of $25,950. He was indicted November 24, 1999 and in June 2000 entered into a written plea agreement with the government admitting these acts as crimes in violation of 21 U.S.C. § 841(a), subject to a mandatory minimum sentence of ten years imprisonment unless he qualified for the safety valve. As part of this agreement, he stated, "I also agree to waive any right I may have to appeal my sentence." The government agreed "to recommend the Guidelines calculations set out above [showing an adjusted offense level of 27] if the Court determines that the mandatory minimum prison sentence does not apply." Sentencing was postponed.

On July 18, 2001, Cardenas signed a "Safety Valve Statement" to render himself eligible for safety valve relief under 18 U.S.C. § 3553(f). He confirmed that the government's investigative reports of his activities were "true and accurate." He admitted that he had sold drugs on more than the three occasions he had pled to. He named his supplier as Bartolo Sierra, a.k.a. El Pelotus. He admitted to making phone calls

related to his selling of drugs. As to whether any family members were involved in selling drugs, he stated, "I cannot confirm this for the government for personal family reasons." He declared himself willing to answer further questions.

A sentencing hearing was held on July 30, 2001. The government stated that in two safety valve interviews Cardenas had not been "truthful and complete." Sentencing was deferred. A third safety valve interview was conducted by the government's attorney. According to his report to the court, Cardenas stated "that he had never sold drugs before or outside of these three occasions." The government attorney added that in none of the three interviews had Cardenas been "credible or complete." Cardenas told the court, "I had never sold any other drugs other than these." The court then stated, "It does appear to me that given the quantity of drugs involved and the financial amounts involved that there is good reason for the government's question of the credibility of Mr. Cardenas with respect to the nature of his activities. It also appears that the inconsistencies in his various stories give rise to doubt and he himself admits that he has not been forthcoming."

The court sentenced Cardenas to the statutory mandatory minimum, ten years imprisonment. Cardenas appeals.

## ANALYSIS

Despite his knowing and unequivocal waiver of his right to appeal his sentence, Cardenas argues three grounds why the waiver does not hold. We consider them in turn.

[1] *Breach of the plea agreement*. Cardenas argues that the government "implicitly agreed" to support application of the safety valve if Cardenas satisfied the statutory requirements set by 18 U.S.C. § 3553(f)(5). It is difficult to see what provision of the plea agreement can be understood as an implication of a promise. Explicitly, the government promised to

support the application if the court determined that the statutory conditions were met. The government made no other promise. The court did not so determine. The government did not breach the agreement.

**[2]** *Illegal sentence*. Cardenas contends that he was entitled to the safety valve and that therefore his sentence is illegal. "An illegal sentence is one 'not authorized by the judgment of conviction' or 'in excess of the permissible statutory penalty for the crime.' " *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999) (quoting *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094 (1987)). Cardenas' sentence is not illegal. His contention turns out to be a recasting of the argument relative to the safety valve. Cardenas's recantation with regard to other drug sales, he maintains, does not involve relevant conduct under 18 U.S.C. § 3553(f)(5). The irrelevance is hard to see. The argument, moreover, does not go to the basis of the district court's scepticism that Cardenas had not fully disclosed all he knew given "the quantity of drugs involved and the financial amounts involved." Cardenas tries to bolster his position by saying that the investigative reports which he admitted to be correct should have been part of the record. The court had the substance of these reports through the pre-sentence report; they did not change the court's estimate of Cardenas's credibility.

**[3]** Disagreement with the sentencing court's credibility determination does not show that the sentence imposed was illegal. Cardenas's waiver of appeal holds.

**[4]** *Booker issue*. The teaching of *United States v. Booker*, 125 S. Ct. 738 (2004), on the *Sentencing Guidelines*, 18 U.S.C. § 3553(b)(1), means that his waiver of appeal of the sentence was involuntary and unknowing, Cardenas says. The argument fails both because *Booker* does not bear on mandatory minimums and because a change in the law does not

make a plea involuntary and unknowing. *United States v. Johnson*, 67 F.3d 200, 202-03 (9th Cir. 1995).

Appeal DISMISSED.