## UNITED STATES of America, Plaintiff—Appellee,

v.

## Ubaldo SUBIRIAS–GONZALEZ, Defendant—Appellant.

No. 04–10639.

D.C. No. CR–04–00647–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Joseph E. Koehler, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Atmore Baggott, Apache Jct., AZ, for Defendant–Appellant.

Before KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM **

Ubaldo Subrias–Gonzalez appeals his conviction, pursuant to a guilty plea, and

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentence for illegal re-entry after deportation in violation of 8 U.S.C. 1326(a), with a sentencing enhancement under 8 U.S.C. § 1326(b)(2). As part of his plea agreement, Subrias–Gonzalez waived his right to bring an appeal of his conviction or sentence. Subrias–Gonzalez contends, pursuant to the Supreme Court's holding in the subsequently decided *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that his plea, and its appellate waiver, was not intelligent or voluntary because the district court misinformed him that the Sentencing Guidelines were mandatory. Subrias–Gonzalez's contention is foreclosed by *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) ("a change in the law [such as *Booker*] does not make a plea involuntary and unknowing.") Accordingly, we enforce the appeal waiver, and dismiss for lack of jurisdiction. *Id.*

DISMISSED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.