Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Frank Kucernak appeals pro se the district court's dismissal pursuant to the *Rooker–Feldman* doctrine of his 42 U.S.C. § 1983 action alleging his due process rights were violated when a state court dismissed the wrongful death action he filed regarding his son on the ground that Kucernak failed to provide expert medical testimony. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003), and we affirm.

The district court properly dismissed this action pursuant to the *Rooker–Feldman* doctrine, because the gravamen of Kucernak's complaint requires federal review of the state court judgment for defendants in Kucernak's wrongful death action. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, — U.S. —, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005) (holding the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also Bianchi*, 334 F.3d at 898 ("If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.").

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Emilio TRUJILLO–BRAVO, a.k.a.**
**Emilio Bravo Trujillo,**
**Defendant–Appellant.**

No. 04–10277.
D.C. No. CR–04–00091–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Atmore L. Baggot, Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant–Appellant.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Emilio Trujillo–Bravo appeals the 37–month sentence imposed after his guilty-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

plea conviction for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We dismiss in light of the valid written appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

**DISMISSED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Juan PENATE–ESCALANTE,
Defendant—Appellant.**

No. 04–10032.

D.C. No. CR–02–02029–ACM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Christina M. Cabanillas, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Harriette P. Levitt, Tucson, AZ, for Defendant–Appellant.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Juan Penate–Escalante appeals the district court's judgment imposing a 51–month sentence following his guilty-plea conviction for illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We dismiss in light of the valid written appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

Appellee's motion to dismiss is denied as moot. All other pending motions are denied.

**DISMISSED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.