**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Genesis GUILLEN–LOPEZ,**
**Defendant—Appellant.**

No. 04–10269.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2005.*

Decided Aug. 22, 2005.

Jerry R. Albert, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Saji Vettiyil, Esq., Vettiyil & Associates, Nogales, AZ, for Defendant–Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Genesis Guillen–Lopez ("Guillen–Lopez") appeals his conviction and sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii), and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

Guillen–Lopez argues that the district court abused its discretion in dismissing two prospective jurors for cause and refusing to dismiss a third juror for cause. This court reviews a district court's decision whether to dismiss a juror for cause for an abuse of discretion. *See United States v. Gonzalez,* 214 F.3d 1109, 1112 (9th Cir.2000); *United States v. Long,* 301 F.3d 1095, 1101 (9th Cir.2002).

"The central inquiry in determining whether a juror should be removed for cause is whether that juror holds a particular belief or opinion that will prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *United States v. Padilla–Mendoza,* 157 F.3d 730, 733 (9th Cir.1998) (internal quotation marks and citation omitted).

■ After reviewing the record, we conclude that the district court did not abuse its discretion by dismissing prospective jurors Deeby and Shay while allowing Harrington to stay. Deeby and Shay both expressed frustration with the current marijuana laws and said their opinion would prevent them from being impartial in this case. They were properly excused. Harrington said he would be biased only if there was violence involved in this case. There was no violence involved in this case, and Harrington was allowed to stay. We therefore conclude that the district court did not abuse its discretion in conducting jury selection.

## II.

Guillen–Lopez argues that the district court erred in (1) admitting hearsay testimony concerning the stolen Hyundai; and (2) denying Guillen–Lopez's motion for a mistrial. A district court's decision to admit testimony over a hearsay objection and its decision to deny a motion for a mistrial are reviewed for an abuse of discretion. *See United States v. George,* 56 F.3d 1078, 1082 (9th Cir.1995).

■ After reviewing the record, we conclude that the district court's admission of hearsay testimony was harmless error. *See id.* at 1083 ("[R]eversal would be warranted only if any error in the initial admission of the evidence was not harmless."). The testimony concerning the Hyundai "was not crucial to proof of any element of the crime charged." *Id.* Furthermore, the effect of the testimony was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

cured by the district court's subsequent limiting instruction to the jury. *See United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir.1999); *cf. Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258, 1270 (9th Cir.2000) ("There is a strong presumption that the curative instructions given by the district court were followed by the jury and therefore we so presume."). Therefore, we conclude that the district court did not err in denying Guillen–Lopez's motion for mistrial on the basis of the admitted hearsay testimony. *See George,* 56 F.3d at 1083.

### III.

Guillen–Lopez argues that the district court's application of the safety valve provision of 18 U.S.C. § 3553(f) violated the principles set forth in *United States v. Booker,* ––– U.S. –––, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). This court reviews the district court's sentence for plain error. *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

■ Guillen–Lopez's sentence was not imposed in violation of the Sixth Amendment. His sentence did not exceed the statutory maximum allowable on the basis of facts found by a jury beyond a reasonable doubt. *See Booker,* 125 S.Ct. at 756. Moreover, Guillen–Lopez's sentence was the minimum mandated by statute, leaving the district court without discretion to impose a lessor sentence. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (noting that *"Booker* does not bear on mandatory minimums").

We also conclude that the district court's ruling that Guillen–Lopez was ineligible for safety valve relief because he had more than one criminal history point was not plain error. *See United States v. Valen-*

*cia–Andrade,* 72 F.3d 770, 774 (9th Cir. 1995).

**AFFIRMED.**