**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Manuel CHAVEZ–SUAREZ, Defendant—Appellant.**

No. 04–10625.

D.C. No. CR–04–00743–NVW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Michael T. Morrissey, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Manuel Chavez–Suarez, Florence, AZ, Michael D. Gordon, Esq., FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Manuel Chavez–Suarez appeals the 57–month sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by § 1326(b). We dismiss the appeal.

Chavez–Suarez contends that the appeal waiver in his plea agreement is invalid because he was illegally sentenced above the statutory maximum. This contention is foreclosed by *United States v. Moreno–Hernandez,* 419 F.3d 906, 911 n. 8 (9th Cir.2005) (holding that an 8 U.S.C. § 1326(b) sentence enhancement based on the fact of a prior conviction for assault raised no Sixth Amendment problems). Because Chavez–Suarez knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker,* ── U.S. ──, 125 S.Ct. 738, 160 L.Ed.2d

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

621 (2005), did not render waiver of appeal involuntary and unknowing).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.