Daphne Budge, Esq., Budge & McAllister, LLC, Phoenix, AZ, for Defendant–Appellant.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose L. ABREGO–RAMOS,
Defendant—Appellant.**

No. 02–10505.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 22, 2005.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Jose L. Abrego–Ramos appeals his conviction and 46–month sentence imposed for illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Abrego–Ramos's attorney has moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ground that the appeal presents no arguable issues. Abrego–Ramos has not submitted a pro se supplemental brief.

Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Abrego–Ramos knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (noting that the changes in sentencing law imposed by *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.