**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus TERRAZAS, Defendant—
Appellant.**

No. 04–30526.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 22, 2005.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Kennewicik, WA, for Defendant–Appellant.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Jesus Terrazas appeals his 120–month sentence imposed following a guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ Appellant contends that the district court erred in its denial of his motion for a safety valve, pursuant to 18 U.S.C. § 3553(f). We disagree, as the record supports a finding that appellant had a leadership role in this offense. Because his role

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

as a leader in the offense precludes the application of a safety valve, the district court did not err. *See United States v. Sherpa,* 110 F.3d 656, 659–60 (9th Cir. 1996).

■ Appellant also contends that the district court violated his due process rights when it determined that he held a leadership role in the offense, and thus he is entitled to re-sentencing, pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, because appellant was sentenced pursuant to the applicable mandatory minimum sentence and not the United States Sentencing Guidelines, we reject his contention. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (noting that *Booker* has no bearing on mandatory minimum cases).

AFFIRMED.