**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Pablo SALAMANCA–SANCHEZ,
Defendant—Appellant.**

Nos. 04–30277, 04–30278.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Beth M. Bollinger, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, ALARCÓN and LEAVY, Circuit Judges.

## MEMORANDUM **

Pablo Salamanca–Sanchez appeals from the District Court's sentencing decision. He contends that mandatory minimum sentences are unconstitutional after *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also maintains that he did not admit in his plea agreement that he possessed the amount of methamphetamine necessary to be subject to the mandatory minimum. We affirm because we have previously held that *Booker* does not invalidate federal statutes imposing a mandatory minimum sentence. We also conclude that Mr. Salamanca–Sanchez's stipulation in his plea agreement to the amount of methamphetamine he pos-sessed can properly be construed as an admission.

## I

Mr. Salamanca–Sanchez contends that mandatory minimum sentences are unconstitutional in light of the Supreme Court's decision in *Booker*. We recently held in *United States v. Cardenas*, 405 F.3d 1046 (9th Cir.2005) that "*Booker* does not bear on mandatory minimums." *Id.* at 1048. Therefore, this argument must fail.

## II

Mr. Salamanca–Sanchez also asserts that he did not admit to possessing enough methamphetamine to be subject to the mandatory minimum found in 21 U.S.C. § 841(b)(1)(A)(viii). We disagree. The plea agreement clearly states that Mr. Salamanca–Sanchez and the Government "stipulated and agreed" that Mr. Salamanca–Sanchez possessed enough methamphetamine to be subject to the mandatory minimum. His argument that he could "stipulate and agree" to the amount of methamphetamine without "admitting" to it is unpersuasive. Mr. Salamanca–Sanchez points to no case law to support this distinction. To the contrary, our case law indicates that these words are synonymous. For example, we have held that "[b]ecause [an] offer to *stipulate* was in essence an offer to *admit* that two of the three elements of [a statute] were satisfied, [the defendant's] *admission* is evidence that the district court was required to weigh under Rule 403...." *United States v. Merino–Balderrama*, 146 F.3d 758, 762 n. 4 (9th Cir.1998) (citation omitted) (emphasis added).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## III

The Court in this matter sentenced Mr. Salamanca–Sanchez to serve 121 months prior to the instruction by the Supreme Court in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) that the Sentencing Guidelines are not mandatory. Because the sentence imposed by the district court in this matter was greater than the mandatory minimum, we remand this matter to the district court so that the parties may notify it whether it should resentence Mr. Salamanca–Sanchez pursuant to the procedure set forth in *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.) (en banc).

**AFFIRMED IN PART; REMANDED IN PART.**