**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Carlos Alberto FLOOD–QUISPE, aka Oscar Martinez, Defendant— Appellant.**

**No. 04–50215.**

**D.C. No. CR–03–01189–ER.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Kevin Scott Rosenberg, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Kathryn A. Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**618**

Before NELSON, T.G., WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM**

Carlos Alberto Flood–Quispe appeals the 77–month sentence imposed following his conviction by guilty plea for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We dismiss the appeal.

Because the conditions precedent to Flood–Quispe's waiver of his right to direct appeal were met—the sentence was within the statutory maximum and was constitutional; the district court did not depart upward in offense level or criminal history category; and the district court determined that the total offense level is 21 and imposed a sentence at the low end of the applicable guideline range—we enforce the appeal waiver. Moreover, the voluntary and knowing nature of Flood–Quispe's waiver of appeal was unaffected by *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (stating that "a change in the law does not make a plea involuntary and unknowing").

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).