UNITED STATES of America,
Plaintiff—Appellee,

v.

Sergio Manzo LUPIAN, Defendant—
Appellant.

No. 04–50028.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 28, 2005.

Becky S. Walker, Esq., Christopher M. Brunwin, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Sergio Manzo Lupian, San Bernardino, CA, pro se.

Alissa Sawano Peterson, Esq., Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and PAEZ, Circuit Judges.

MEMORANDUM **

Sergio Manzo Lupian appeals from the district court's judgment of his conviction and imposition of a 108–month sentence following his guilty plea to conspiracy to distribute listed chemicals knowing or having reasonable cause to believe that they would be used to manufacture methamphetamine, in violation of 21 U.S.C.

§§ 841(c)(2) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The court has considered Lupian's November 3, 2005 "Notice of Withdrawal of Issues Regarding Validity of Plea Agreement." Lupian's contentions regarding *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005), lack merit because Lupian stipulated to the base offense level, and there were no "extra-verdict findings made in a mandatory guidelines system" to invalidate his appeal waiver. *See United States v. Ameline,* 409 F.3d 1073, 1077–79 (9th Cir. 2005). Accordingly, we dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (holding that changes in the law do not render a waiver of appeal involuntary or unknowing).

All pending motions are denied.

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.