**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Charles James BILLINGSLEY, Jr., Defendant—Appellant.**

No. 03–10717.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Richard J. Bender, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Charles James Billingsley, Jr., appeals his guilty plea conviction for possession of a firearm during a drug trafficking offense and for possession of equipment used to manufacture a controlled substance in violation of 18 U.S.C. § 924(c) and 21 U.S.C. § 843(a)(6).

As part of his plea agreement, Billingsley waived his right to appeal his conviction or sentence so long as his sentence did not exceed fifteen years. Relying on the Supreme Court's holding in the subsequently decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Billingsley contends that his plea, and its appellate waiver, was not intelligent or voluntary because the district court misinformed him that the Sentencing Guidelines were mandatory. Billingley's contention is foreclosed by *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) ("[A] change in the law [such as *Booker*] does not make a plea involuntary and unknowing."). Accordingly, we enforce the appeal waiver, and dismiss. *Id.*

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

