**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David A. CHRISTOPHER, Defendant–Appellant.**

**No. 04–30050.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Dec. 21, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patricia C. Lally, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy L. Talner, Esq., Seattle, WA, for Defendant–Appellant.

Before: CUDAHY,* T.G. NELSON and MCKEOWN, Circuit Judges.

MEMORANDUM **

David A. Christopher appeals his 120–month sentence imposed following a guilty plea to the manufacturing of methamphetamine and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).

Christopher argues that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States*

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Ameline,* 409 F.3d 1073 (9th Cir.2005) require that his sentence be reversed or that his case be remanded to the district court for re-sentencing. However, *Ameline* requires a limited remand only when the Court cannot otherwise determine from the record whether the sentence would have been materially different had the guidelines been non-mandatory. *Id.* at 1074. Here, Christopher pleaded guilty to facts that would give rise to a minimum sentence of 10 years as mandated by the applicable statute. *See* 21 U.S.C. § (b)(1)(A). This Court has previously held that *Booker* has no bearing on mandatory minimum cases. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005).

■ Thus, the only remaining argument for a remand under *Ameline* is Christopher's contention that his constitutional rights were violated due to the judicial factfinding involved when the district court denied him safety valve relief under 18 U.S.C. § 3553(f). However, in *U.S. v. Labrada–Bustamante,* 428 F.3d 1252 (9th Cir.2005), a defendant-appellant similarly challenged the constitutionality of the denial of his request for safety valve relief. The Court held that the safety value provision of 18 U.S.C. § 3553(f) is not unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) or *Blakely. U.S. v. Labrada–Bustamante,* 428 F.3d at 1262. The Court said:

> Because mandatory minimum sentences under section 841(b) presuppose a jury's determination of the underlying facts, their imposition does not offend either *Apprendi* or *Blakely.* [Defendant-appellant] would have us hold that facts allowing a *decreased* sentence below that mandatory minimum must be found by a jury beyond a reasonable doubt as well. Neither *Apprendi* nor *Blakely* compel

such a holding. *Id.* (emphasis in original).

Thus, Christopher's contention that his constitutional rights were violated when the district court found that the safety valve provision would not apply because it had determined that weapons were used in connection with the offense is not supported by *Apprendi* or *Blakely.* Following the reasoning of the Court in *Labrada–Bustamante,* we find that *Booker* also does not support his contention.

■ Christopher further argues that the weapons enhancement he received based on his possession of firearms in connection with the offense was not supported by sufficient evidence. We disagree and find that there was ample evidence to support the firearms enhancement. The fact that ammunition and a magazine were both found in the same area as the firearms tends to refute Christopher's contention that the firearms were collectors items only.

Christopher argues that his sentence was erroneous because the government did not prove that his offenses involved pure methamphetamine rather than a mixture containing methamphetamine. This argument is without merit as the plea agreement that Christopher signed expressly states that the offenses involved "methamphetamine."

Finally, Christopher argues that his sentence was erroneous because he believed he was pleading guilty to methamphetamine mixture amounts, rather than pure substance amounts. The evidence does not support this claim.

**AFFIRMED.**