**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Emilio CEJA–ZAVALA, aka Andres Daniel Ceja–Franco, Defendant— Appellant.**

**No. 04–30206.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

John Joseph Lulejian, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff— Appellee.

Peggy Sue Juergens, Attorney at Law, Seattle, WA, for Defendant—Appellant.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Emilio Ceja–Zavala appeals from his guilty-plea conviction and 121–month sentence imposed for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction and remand the sentence.

Ceja–Zavala contends that his guilty plea was unknowing and involuntary be-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cause had he known about the post-plea changes to sentencing law brought about by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), he would not have entered the change of plea. His contention fails. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (stating that changes in sentencing law imposed by *Booker* do not render a pre-*Booker* guilty plea involuntary).

Nevertheless, because Ceja–Zavala was sentenced under the then-mandatory guidelines, we remand the case for further proceedings consistent with *Ameline.* *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline's* limited remand procedure to non-constitutional *Booker* error).

The conviction is **AFFIRMED** and the sentence is **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.