**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Pedro CALON–ESPINO, Defendant—Appellant.**

No. 04–30415.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

James L. Maher, Esq., Portland, OR, for Plaintiff–Appellee.

Pedro Calon–Espino, Taft, CA, pro se.

Gerald Needham Fax, Portland, OR, for Defendant–Appellant.

Before: HUG, O'SCANLLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Pedro Calon–Espino appeals the 87–month sentence imposed following his

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

guilty-plea conviction for knowingly and intentionally possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

As part of his plea agreement, Calon–Espino waived his right to appeal his conviction or sentence so long as his sentence did not exceed the statutory maximum and the district court did not apply an upward departure from the applicable guideline range. Relying on the Supreme Court's holding in the subsequently decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Calon–Espino contends that his plea, and its appellate waiver, were not intelligent or voluntary because the district court misinformed him that the Sentencing Guidelines were mandatory. Calon–Espino's contention is foreclosed by *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005) ("[A] change in the law [such as Booker] does not make a plea involuntary and unknowing."). Accordingly, we enforce the appeal waiver, and dismiss the appeal. *Id.*

**DISMISSED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.