UNITED STATES of America, Plaintiff—Appellee,

v.

**Robert G. DELEON, Defendant— Appellant.**

No. 05–30049.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2006.*

Filed March 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie J. Lister, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

George Paul Trejo, Jr., Esq., Yakima, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Robert G. Deleon appeals his conviction for manufacture of more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and his five-year sentence. The facts are known to the parties and will not be repeated here.

Deleon first claims that the evidence presented at trial was insufficient to prove that he had the power to exercise dominion and control over the marijuana grow operation at his home. The United

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States produced evidence at trial that Deleon owned the residence and shop in which over 400 marijuana plants were found. In the office adjoining the home's master bedroom, DEA agents found Deleon's personal bank records and a receipt for equipment used in the marijuana grow operation. Nearby, agents also found a computer printout of marijuana seed varieties. Most damaging to his claim, Deleon called his home and spoke with one of the DEA agents conducting the search. When Deleon learned that his children were there, he told the agent, "it is not them that you wanted, it is me, let them go." Construing this evidence in the light most favorable to the prosecution, as we must, we conclude that a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Zavala–Mendez*, 411 F.3d 1116, 1118 (9th Cir.2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ Deleon challenges the use of his statement to the DEA agent arguing that he should have been given *Miranda* warnings and that his statement was coerced. *Miranda* warnings must be provided " 'only where there has been such a restriction on a person's freedom as to render him 'in custody.' " *Stansbury v. California*, 511 U.S. 318, 320, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (*per curiam* )). No restriction on Deleon's freedom occurred during his phone conversation with the DEA agent. Because Deleon was therefore not in custody, he was not entitled to *Miranda* warnings.

■ Nor can we cannot accept Deleon's argument that his statement was involuntary. The DEA agent made no promises or threats to Deleon, nor were his actions in any way coercive. *United States v.*

*Crawford*, 372 F.3d 1048, 1060–61 (9th Cir. 2004) (quoting *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir.2001)). Deleon's statement was therefore properly admitted at trial.

■ Deleon next argues that the district court erred in instructing the jury that it was "permitted to conclude from the facts which you find have been proven such reasonable inferences as seem justified by reason and common sense." Deleon claims that this constitutes an impermissible embellishment of the reasonable doubt standard; we are not persuaded. Because the instruction does not concern the reasonable doubt standard, we reject his claim.

Deleon also claims ineffective assistance of counsel based on his counsel's purported failure to review the presentence report with him or to explain the availability of 18 U.S.C. § 3553(f)'s "safety valve." "Ineffective assistance of counsel claims are generally inappropriate on direct appeal." *United States v. Lillard*, 354 F.3d 850, 856 (9th Cir.2003). We decline to review Deleon's claim in this appeal because the record not sufficiently developed on this point and because his legal representation was not "so inadequate that it obviously denie[d][him] his Sixth Amendment right to counsel." *Id.* (citation and internal quotation marks omitted).

■ Finally, Deleon argues that his five-year mandatory minimum sentence violates due process. We rejected an identical claim in *United States v. Kidder*, 869 F.2d 1328, 1334 (9th Cir.1989), concluding that where Congress mandates a minimum sentence for certain criminal activity, the sentencing judge still retains discretion in meting out a sentence within the statutory limits. Because *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has no bearing on statutory

mandatory minimum sentences, *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005), Deleon's due process claim is controlled by *Kidder* and therefore fails.

**AFFIRMED.**