**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ronald CHINCHILLA–BARAHONA,**
**Defendant—Appellant.**

**No. 05–10084.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Elizabeth R. Berenguer, Esq., Claire Kiehl Lefkowitz, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Myrna Rodriguez Beards, Esq., Tucson, AZ, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Ronald Chinchilla–Barahona appeals from the 40–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326.

Chinchilla–Barahona contends that his plea was rendered involuntary because the district court failed to inquire personally whether he would like to go forward with the plea agreement or reconsider in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was decided the same day as the date originally set for sentencing. We disagree. The record of the change of plea hearing supports a finding of voluntariness, and reflects that the guilty plea was entered in accordance with Rule 11; Chinchilla–Barahona does not argue otherwise. Sentencing was continued, which allowed Chinchilla–Barahona to discuss the impact of *Booker* with his counsel. During the sentencing hearing, when counsel stated that it was in Chinchilla–Barahona's best interest to go forward with the application of the Guidelines and the plea agreement notwithstanding *Booker*, Chinchilla–Barahona was present, assisted by an interpreter, and did not object.

We therefore dismiss in light of the valid appeal waiver. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000)

(appeal waiver valid when entered into knowingly and voluntarily); *see also United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

**DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

