**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roland Harm MARQUARDT,
Defendant–Appellant.**

**No. 05–10310.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Brian Pugh, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

MEMORANDUM **

Roland Harm Marquardt appeals from his guilty-plea conviction and 90–month sentence imposed for conspiracy, in violation of 18 U.S.C. § 371.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Marquardt has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. No pro se supplemental brief or answering brief have been filed.

■ Because our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Marquardt knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (noting that the changes in sentencing law imposed by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

■ However, the judgment does not conform to the oral pronouncement at sentencing. Specifically, the district court orally sentenced Marquardt to 39 months for conspiracy, to run consecutively with the 39–month sentence for wire fraud, and an additional consecutive 12 months pursuant to 18 U.S.C. § 3147. Because an unambiguous oral pronouncement of sentence controls over a written judgment, *see*

Fed. R.App. P. 34(a)(2).

*United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993), we remand for the limited purpose of correcting these clerical errors, *see* Fed.R.Crim.P. 36.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED; REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the