**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald AKINS, Defendant–Appellant.**

**No. 06–10168.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006.[*]

Filed Jan. 9, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Susan E. Badger, Esq., Barbara J. Valliere, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Ann C. Moorman, Esq., Law Offices of Ann C. Moorman, Ukiah, CA, for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Reginald Akins was convicted of two counts of bank robbery and two counts of using a firearm during the robberies. He challenges the additional two years he received based on the court's finding that a firearm was brandished, which increased the mandatory minimum sentence from five years to seven years.[1]

Akins's challenges to his sentence are controlled by our opinion in *United States v. Dare*, 425 F.3d 634 (9th Cir.2005). There we upheld the continued use of mandatory minimum sentences based on judicial factfinding as allowed by the Supreme Court's opinion in *Harris v. United States*, 536 U.S. 545, 568, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), despite the Supreme Court's subsequent decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Dare*, 425 F.3d at 641; *see also United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (noting: "*Booker* does not bear on mandatory minimums"). Thus, the jury's verdict did not preclude the court from determining for the purpose of sentencing Akins within the statutory range that Akins had brandished a weapon. *See United States v. Watts*, 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (holding pre-*Booker* that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.").

We reject Akins's request that we overrule *Dare*. As a three-judge panel we may not overturn circuit precedent, and may only "reexamine the holding of a prior panel in light of an inconsistent decision by a court of last resort on a closely related, but not identical issue." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir.2003) (en banc). There has been no intervening Supreme Court decision that would justify a reexamination of *Dare*.

For the above reasons, the judgment of the district court is AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.