**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Desmon CERON, aka Donny Salazar Trvillo; et al., Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Steven Jones, aka Jonesy, Defendant—Appellant.**

**Nos. 07–30239, 07–30240.**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2008.*

Filed July 18, 2008.

R.App. P. 34(a)(2).

Timothy J. Racicot, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

L. Sanford Selvey, II, Esq., Selvey Law Firm, LLC, Billings, MT, Travis A. Cushman, Esq., Cushman Law Office, P.C., Great Falls, MT, for Defendants–Appellants.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SEABRIGHT **, District Judge.

## MEMORANDUM ***

Desmon Ceron appeals his 188–month sentence, and Steven Jones appeals his conviction and 240–month sentence, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

■ The district court did not clearly err in its drug quantity finding with respect to Ceron. While the co-conspirator witnesses were cooperating with the government and stood to gain by their testimony, their testimony bore sufficient indicia of reliability to support the drug quantity finding. *See United States v. Alvarez*, 358 F.3d 1194, 1213 (9th Cir. 2004); *United States v. Vought*, 69 F.3d 1498, 1503 (9th Cir.1995). All the witnesses testified under oath and subject to cross-examination. All the witnesses remembered a similar number of delivery trips, and no witness remembered less than one or more than two pounds of methamphetamine involved in any single trip. Even if the district court had clearly erred in its quantity finding, that error was harmless because there is ample evidence that Ceron was responsible for enough methamphetamine to correspond to the base offense level applied by the district court. *See Alvarez*, 358 F.3d at 1213. That quantity is consistent with the testimony of all the witnesses.

■ The district court did not clearly err in finding that Ceron was a leader, organizer, manager, or supervisor, and it did not abuse its discretion or otherwise err in applying a two-level role enhancement pursuant to U.S.S.G. § 3B1.1(c). The co-conspirators' testimony that Ceron kept a larger share of the proceeds, was a point of contact, and was the source of the methamphetamine adequately supported the district court's finding that Ceron was a supervisor or manager. *See United States v. Maldonado*, 215 F.3d 1046, 1050–51 (9th Cir.2000).

■ The district court did not abuse its discretion or otherwise err in refusing to apply the safety valve to Ceron. Ceron was ineligible for the safety valve pursuant to 18 U.S.C. § 3553(f)(4) because he was properly subject to a role enhancement.

Accordingly, the district court did not err in sentencing Ceron because its drug quantity and role findings were supported by the record, and Ceron was not eligible for the safety valve.

■ Jones argues that the evidence against him was insufficient to support the verdict because the cooperating witnesses who testified against him were not credible. Credibility determinations, however,

---

** The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

are for the jury. *United States v. Kaplan,* 554 F.2d 958, 964 (9th Cir.1977). Even "the uncorroborated testimony of co-conspirators is sufficient evidence to sustain a conviction unless incredible or unsubstantial on its face." *Alvarez,* 358 F.3d at 1201 (9th Cir.2004) (quotations omitted). The evidence included the consistent testimony of five cooperating witnesses and one law enforcement officer. Viewing the evidence in the light most favorable to the prosecution, a rational juror could find beyond a reasonable doubt that Jones conspired to distribute methamphetamine. *See United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

 Jones' sentence is not unreasonable because it was the statutory mandatory minimum sentence. The district judge could not have sentenced Jones to less than 240 months on reasonableness grounds, because "*Booker* does not bear on mandatory minimums," even in a case like this one involving an enhancement pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *United States v. Decoud,* 456 F.3d 996, 1021 & n. 15 (9th Cir.2006) (quoting *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005)); *see also United States v. Dare,* 425 F.3d 634, 643 (9th Cir.2005). Jones' argument that his sentence is so grossly disproportionate to the gravity of his crime that it violates the Eighth Amendment is foreclosed by *United States v. Jensen,* where we held that a statutory minimum sentence of life imprisonment for a smaller quantity of methamphetamine than is at issue here did not violate the Eighth Amendment despite an enhancement pursuant to §§ 841(b)(1)(A) and 851. 425 F.3d 698, 708 (9th Cir.2005) (citing *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991);

*United States v. Van Winrow,* 951 F.2d 1069, 1071 (9th Cir.1991)).

Accordingly, Jones's sentence was not unreasonable or unconstitutional, and the evidence was sufficient to support the verdict.

AFFIRMED.