NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50161 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03798-AJB-1 |
| v. | |
| MIGUEL ANGEL MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 5, 2020[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Miguel Mendoza pleaded guilty to importation of methamphetamine and heroin pursuant to a plea agreement containing a waiver of his right to appeal. The district court found Mendoza ineligible for safety valve relief under § 5C1.2 of the United States Sentencing Guidelines and imposed the mandatory minimum sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of 120 months. We dismiss Mendoza's appeal from that sentence in part and affirm in part.

1. In his plea agreement, Mendoza waived "all rights to appeal and to collaterally attack every aspect of the conviction and sentence." The only relevant exception allows him to "appeal a custodial sentence above the greater of 71 months or the statutory mandatory minimum term, if applicable." After determining that Mendoza did not qualify for safety valve relief, the district court imposed the statutory mandatory minimum term.

Mendoza's arguments as to why the appeal waiver does not apply are unavailing. The plea agreement memorializes Mendoza's understanding that he may not be found eligible for safety valve relief, and, if not, "may be subject to a statutory mandatory minimum sentence." Nor did the district court's comments at sentencing invalidate the appeal waiver; the court merely indicated that if Mendoza disagreed with the court's statement that the appeal waiver's exception was not triggered by the safety valve dispute, he was free to challenge that assessment in this Court. *See United States v. Watson*, 582 F.3d 974, 987-88 (9th Cir. 2009). And, neither Mendoza's challenge to the legality of his underlying conviction, *see United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993), nor the district court's safety valve determination, *see United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005), implicate the illegal sentence exception, *see United States v. Torres*, 828 F.3d 1113,

2

1125 (9th Cir. 2016).

2.    Assuming without deciding that Mendoza's claim that he was denied procedural due process at sentencing is not barred by the appeal waiver, *see United States v. Odachyan*, 749 F.3d 798, 801-02 (9th Cir. 2014), we reject the argument. A defendant must "be given an opportunity to assure the accurate presentation of reliable sentencing information to the district court." *United States v. Brady*, 895 F.2d 538, 542 (9th Cir. 1990) (cleaned up). Mendoza failed to show that he needed to know how his bank records were obtained to assess their accuracy. And, the government demonstrated that preventing the disclosure of its sources was necessary "to keep sensitive information from the opposing party." *United States v. Thompson*, 827 F.2d 1254, 1258 (9th Cir. 1987).

**DISMISSED IN PART and AFFIRMED IN PART.**