UNITED STATES of America, Plaintiff—Appellee,

v.

Ricardo PLAZA–RAZO, Defendant—Appellant.

No. 05–10077.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Mark Wayne Reeves, Esq., USYU—Office of the U.S. Attorney, Yuma, AZ, for Plaintiff-Appellee.

Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant-Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Ricardo Plaza–Razo appeals his guilty-plea conviction and 63–month sentence im-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

posed for illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) enhanced by § 1326(b)(2).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Plaza–Razo has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. No pro se supplemental brief has been filed. Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Plaza–Razo knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (noting that the changes in sentencing law imposed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

Counsel's motion to withdraw is GRANTED. The appeal is DISMISSED.