**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Emilio CORTEZ–ARIAS, Defendant–Appellant.**

No. 04–10184.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Filed April 18, 2005.

Amended July 14, 2005.

Second Amendment Sept. 30, 2005.

Robert B. Walker, Carson City, NV, for the appellant.

Daniel G. Bogden, United States Attorney, and Robert Don Gifford, Assistant United States Attorney, Reno, NV, for the appellee.

Before D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

**ORDER**

The opinion filed on April 18, 2005 and published at 403 F.3d 1111, as previously amended on July 14, 2005 at 415 F.3d 977, is AMENDED as follows.

Footnote 8 states:

Because Cortez–Arias waived all appellate rights except for the sole issue of whether his prior conviction was a "crime of violence," he is not entitled to relief under the Supreme Court's decision in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005).

Footnote 8 is deleted in its entirety and replaced with the following language:

As part of his plea agreement, Cortez–Arias waived the right to appeal his sentence, except to determine whether his earlier crimes were "crimes of violence" for purposes of the Sentencing Guidelines. As part of the delicate exchange of plea-bargaining, the United States agreed to recommend a two level downward departure and a sentence "at the low end of the guidelines." Despite

this agreement, Cortez–Arias now urges that he is entitled to a limited remand pursuant to our decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), in light of the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We disagree. As we said in *Ameline*, we may consider sua sponte whether *Booker* applies to a particular case where the parties do not raise a *Booker* issue in their briefs. *Ameline*, 409 F.3d at 1084("[e]ven where the briefs filed by the parties do not raise a *Booker* objection, we conclude that the issue may be raised and should be considered."). But here Cortez–Arias did not simply fail to raise a *Booker* objection in his briefing. Instead, he knowingly and voluntarily waived the right to appeal *every* aspect of his sentence, except whether his earlier crimes were "crimes of violence." In exchange for his guilty plea and this waiver, Cortez–Arias received a promise of favorable sentencing recommendations from the United States. The record shows that the government upheld its end of the deal. The United States is entitled to the benefit of its bargain. *See Johnson v. Lumpkin*, 769 F.2d 630, 633 (9th Cir.1985) ("[a]s a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected."); *see also United States v. Johnston*, 199 F.3d 1015 (9th Cir.1999) ("[p]lea agreements are typically construed according to the principles of contract law.").

Moreover, a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea. *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ("a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); *United States v. Johnson*, 67 F.3d 200, 202 (9th Cir.1995) ("[t]he fact that Johnson did not foresee the specific issue he now seeks to appeal does not place that issue outside the scope of his waiver."). We conclude that Cortez–Arias is bound by the terms of his plea agreement, and we decline to vitiate the terms of his bargained-for exchange with the government. The express and generally unrestricted waiver of appeal rights forecloses the objections now asserted by Cortez–Arias pursuant to *Booker* or *Ameline*. We join our sister circuits who have reached similar conclusions. *See United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir.2005) ("the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement."); *United States v. Parsons*, 408 F.3d 519, 521–22(8th Cir.2005) (per curiam) (concluding that *Booker* did not invalidate a defendant's plea); *United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir.2005) ("the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea."); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.2005) ("[a] valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance.").

**IT IS SO ORDERED.**