**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose YANEZ–SAUCEDO, aka Jose Antonio Yanez–Saucedo, Defendant—Appellant.**

**No. 04–10447.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Oct. 21, 2005.

Anne E. Mosher, Esq., Office of the U.S. Attorney Evo A. Deconcini, Tucson, AZ,

---

tion Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

for Plaintiff–Appellee.

Thomas Jacobs, Esq., Law Offices of Thomas Jacobs, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

### MEMORANDUM**

Jose Yanez–Saucedo appeals his sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Because at the time of pleading guilty Yanez–Saucedo validly waived any right to appeal, we dismiss the appeal.

"We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1152–53 (9th Cir.2005). "We review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver." *Id.* at 1153. A waiver of the right to appeal is valid when "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.*

Yanez–Saucedo's waiver, in his plea agreement, of "any right to appeal the imposition of sentence" if the sentence imposed was consistent with the plea agreement encompassed his right to appeal his sentence enhancement under *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Cortez–Arias*, 425 F.3d 547, 548 (9th Cir.2005); *see also Jeronimo*, 398

F.3d at 1154 (holding that a waiver in a plea agreement of "any and all rights to appeal" encompassed the right to appeal even on issues "not specifically contemplate[d]" by the agreement).

Yanez–Saucedo's waiver of appellate rights was knowing and voluntary at the time of his guilty plea, notwithstanding the district court's ambiguous statement at sentencing. *See United States v. Lopez–Armenta*, 400 F.3d 1173, 1177 (9th Cir. 2005).

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

