**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jerry Raqiaza DOMINGO, Defendant—Appellant.**

**No. 03–10574.**

**D.C. No. CR–01–00060–SOM.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2005.*

Decided Dec. 20, 2005.

Thomas C. Muehleck, Asst. U.S. Atty, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Deanna S. Dotson, Kapolei, HI, for Defendant–Appellant.

Before HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Jerry Raqiaza Domingo appeals his judgment and sentence for one count of knowingly and intentionally possessing with intent to distribute crystal methamphetamine in excess of fifty (50) grams in violation of 21 U.S.C. § 841(a)(1). We conclude that Domingo has waived his right to appeal and therefore his appeal must be dismissed.

Domingo made a valid and enforceable waiver of his appellate rights. *See U.S. v. Anglin,* 215 F.3d 1064, 1068 (9th Cir.2000) ("The sole test of a waiver's validity is whether it was made knowingly and voluntarily."). Both the express language of the plea agreement and the dialogue between Domingo and the district court at the change of plea hearing indicate that Domingo's waiver of his appellate rights was both knowing and voluntary. The possibility of a sentence below that which may have been imposed after a jury trial was a benefit to Domingo. *See Corbitt v. New Jersey,* 439 U.S. 212, 219–20, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) ("The plea may obtain for the defendant 'the possibility or certainty [of] a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty.' ")(citing *Bra-*

*dy v. United States,* 397 U.S. 742, 751, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

The validity of Domingo's waiver of appellate rights is not affected by the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005)(holding that "a change in the law does not make a plea involuntary and unknowing"); *see also United States v. Cortez–Arias,* 403 F.3d 1111 (9th Cir.2005), *as amended,* 425 F.3d 547 (9th Cir.2005)(holding that a waiver of appellate rights made prior to *Booker* precludes appellate relief under *Booker*). Despite the change in law affected by *Booker,* Domingo's waiver remains effective.

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.