**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sheldon KOYANAGI, Defendant—
Appellant.**

No. 04–10679.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 21, 2005.

Decided Dec. 20, 2005.

Loretta A. Sheehan, AUSA, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Alexander Silvert, Esq., Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: BRIGHT,* MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Sheldon Koyanagi was convicted of possession with the intent to distribute five grams or more of cocaine base under 21 U.S.C. § 841 and sentenced to thirty-seven months' imprisonment. In his plea agreement, Koyanagi preserved the right to appeal the denial of his motion to suppress evidence. Koyanagi contends on appeal that Senior Airman Endres lacked probable cause to arrest him for driving under the influence of an intoxicant in violation of

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

H.R.S. § 291E–61 and, therefore, the district court should have suppressed evidence discovered incident to arrest, including the cocaine. We disagree and affirm the conviction.

■ According to Endres, Koyanagi smelled of alcohol, had bloodshot eyes, slurred speech, slow response times to instructions, and he appeared to be confused. One of Koyanagi's companions told Endres that Koyanagi had been drinking before arriving at the military base. *See United States v. Smith,* 790 F.2d 789, 792 (9th Cir.1986) (explaining that probable cause for arrest exists when, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.") Further, after considering Endres's reports and testimony, we conclude that the district court did not clearly err by finding his testimony credible. *United States v. Jordan,* 291 F.3d 1091, 1100 (9th Cir.2002).[1]

■ Koyanagi also contends that he is entitled to resentencing in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court applied the Sentencing Guidelines as mandatory. However, Koyanagi waived this issue in his plea agreement when he waived the right to appeal his sentence. *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005); *United States v. Cortez–Arias,* 403 F.3d 1111 (9th Cir.2005), *as amended,* 425 F.3d 547 (9th Cir.2005).

**CONVICTION AFFIRMED; SENTENCING APPEAL DISMISSED.**

---

1. We need not reach the alternative ground relied on by the district court that Koyanagi impliedly consented to the search by requesting admission to the base.