UNITED STATES of America,
Plaintiff—Appellee,

v.

George Theodore WEISFUSS,
Defendant—Appellant.

No. 04–10244.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Jan. 6, 2006.

J. Gregory Damm, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellee.

Ronald N. Richards, Esq., Law Offices of Ronald Richards Associates, Beverly Hills, CA, for Defendant—Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM *

George Theodore Weisfuss appeals the sentence imposed following his guilty plea to one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I). We affirm.

■ Weisfuss argues that the appeal waiver contained in his plea agreement cannot be enforced for a number of reasons. He first claims that his sentence is illegal under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), thus invalidating the waiver. This court will regularly enforce a "knowing and voluntary" waiver of appellate rights. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000). A change in the law, such as the *Booker* determination that the Federal Sentencing Guidelines are advisory rather than mandatory, does not make a plea involuntary and unknowing. *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005). Accordingly, a change in the law of sentencing does not render Weisfuss's appeal waiver unenforceable.

■ Weisfuss further claims that the district court, in a colloquy at the change of plea hearing in 1999, invalidated his waiver of appeal. At that hearing, however, the sentencing judge merely inquired as to whether Weisfuss agreed with the prosecutor's summary of the terms of the plea agreement, during which the prosecutor read aloud the waiver of appeal provision verbatim. There is no reason to believe that the oral recitation of a plea agreement provision, or the judge's inquiry with regard to that recitation, would make that provision any more or less enforceable. Accordingly, the district court colloquy does not invalidate the waiver of appeal.

■ Finally, Weisfuss argues that his appeal waiver is unenforceable because the government breached the plea agreement when it failed to recommend a downward departure for acceptance of responsibility. This argument was forfeited below. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1994). Weisfuss did not object at sentencing when the government did not recommend a downward adjustment. An alleged breach of a plea agreement is "precisely the type of claim that a district court is best situated to resolve," because such a claim is "fact-specific [and] may require an evidentiary hearing or proffer of evidence." *United States v. Flores–Payon*, 942 F.2d 556, 560 (9th Cir. 1991). Accordingly, the "trial court, having taken the plea and having heard the evidence, should have the first opportunity to rule," and "claims pertaining to the breach of a plea agreement will not generally be considered for the first time on appeal." *Id.* Further, Weisfuss has failed to demonstrate any plain error in the proceedings below that would warrant correction despite his forfeiture of the right to appeal the alleged breach. *See United States v. Olano*, 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ In addition to his arguments concerning the validity of his appeal waiver, Weisfuss claims that he is eligible for a remand of his sentence pursuant to our decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). As noted *supra*, however, we held in *Cardenas* that *Booker* has no effect on the sentence of a defendant who has validly waived his right to appeal, because "a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

change in the law does not make a plea involuntary and unknowing." *Cardenas,* 405 F.3d at 1048 (citing *United States v. Johnson,* 67 F.3d 200, 202–03 (9th Cir. 1995)). Likewise, in *United States v. Cortez–Arias* we held that "[an] express and generally unrestricted waiver of appeal rights forecloses the objections now asserted by [a defendant] pursuant to *Booker* or *Ameline.*" 403 F.3d 1111, 1114 n. 8 (9th Cir.2005), *as amended by* 425 F.3d 547 (9th Cir.2005).

For the foregoing reasons, we AFFIRM the defendant's sentence and DISMISS the appeal.