UNITED STATES of America,
Plaintiff—Appellee,

v.

Salvador MEDINA–GALLEGOS,
Defendant—Appellant.

No. 04–30537.

D.C. No. CR–03–30063–HO.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2006.*

Decided Jan. 13, 2006.

Judith R. Harper, USME—Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Robert M. Stone, Medford, OR, for Defendant–Appellant.

Before KLEINFELD, GRABER, and BEA, Circuit Judges.

MEMORANDUM**

Salvador Medina–Gallegos appeals the district court's denial of his motion to suppress evidence in connection with his prosecution for possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and for being an alien in possession of a firearm, 18 U.S.C. § 922(g)(5). Because Medina–Gallegos was sentenced for these crimes under the formerly mandatory United States Sentencing Guidelines (Guidelines), he also seeks a limited remand of his case pursuant to *United States v. Ameline,* 409

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

## I

We review de novo the district court's denial of Medina–Gallegos's motion to suppress. *See United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004). We review for clear error the district court's finding that Medina–Gallegos voluntarily consented to the search of his motel room and car. *See United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir.2000). Under the clear error standard, we defer to the district court's finding so long as it was "plausible." *See SEC v. Rubera*, 350 F.3d 1084, 1093–94 (9th Cir.2003).

The Fourth Amendment prohibits the introduction of evidence obtained through a warrantless search unless the government establishes by a preponderance of the evidence the applicability of an exception to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). One exception to the warrant requirement is voluntary and knowing consent given by the party searched. *Cormier*, 220 F.3d at 1112. We assess whether a party gave voluntary and knowing consent to a search by considering the totality of the circumstances surrounding the search. *Id.*

■ Here, based on the testimony of the four law enforcement officers who arrested Medina–Gallegos and the signed, bilingual, written consent form introduced into evidence, the district court's finding that Medina–Gallegos consented to the search of his motel room and car was, at the very least, plausible. In light of the totality of the circumstances surrounding the search—circumstances closely resembling those at issue in *Cormier*—it was also plausible that Medina–Gallegos gave his consent knowingly and voluntarily.

## II

■ As part of his plea agreement in this case, Medina–Gallegos waived all appellate rights except the right to appeal the denial of his motion to suppress and any sentence in excess of the statutory maximum or the applicable Guidelines range. He does not now assert that he received a sentence in excess of the statutory maximum or the applicable Guidelines range; he seeks a limited *Ameline* remand merely because he received his sentence prior to the January 2005 publication of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which made the formerly mandatory Guidelines regime advisory. Thus, in light of the waiver in Medina–Gallegos's plea agreement, we cannot and therefore do not consider his appeal for a limited *Ameline* remand. *See United States v. Cortez–Arias*, 403 F.3d 1111, 1114 n. 8, *amended by* 425 F.3d 547 (9th Cir.2005).

**AFFIRMED.**