**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie Duran GONZALEZ,
Defendant–Appellant.**

No. 02–50641.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 28, 2006.

John C. Hueston, U.S. Attorney's Office, Central District of California, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Hector C. Perez, Esq., Law Office of Hector C. Perez, Cerritos, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Eddie Duran Gonzalez appeals the district court's denial of his motion to suppress his statements based on the Fifth Amendment and seeks an *Ameline* limited remand of his 57–month sentence because it was imposed when the United States Sentencing Guidelines were thought to be mandatory. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm the denial of the motion to suppress and dismiss Gonzalez's appeal of his sentence.

Gonzalez argues that the district court erred in denying his motion to suppress his pre-arrest statements because it did not consider whether he knowingly and intelligently waived his *Miranda* rights when he initiated communication with the agents. However, the district court considered Gonzalez's actions during the "entire pre-arrest interrogation" and found Gonzalez's *Miranda* waiver to be knowing

and intelligent. The Supreme Court has developed a two-part test to determine when agents can question suspects after they have invoked their right to have an attorney present. *See Oregon v. Bradshaw*, 462 U.S. 1039, 1043, 1045, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). The suspect must (1) initiate further communication with the agents and (2) knowingly and intelligently waive the right that he had previously invoked. *Id.*

Gonzalez concedes that he initiated further communication with the agents after he said "maybe" he should talk to a lawyer. Gonzalez argues, however, that he did not knowingly and intelligently waive his *Miranda* rights because he was withdrawing from heroin. In *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 855 (9th Cir.2005), we held that the defendant, who signed a waiver and agreed to answer questions, voluntarily and intelligently waived his *Miranda* rights even though he was withdrawing from heroin because he appeared coherent to the border agents questioning him. Gonzalez also signed a waiver, agreed to answer the agents' questions, and appeared coherent to the agents, as demonstrated by his request for the agents to confirm his story with neighbors, his explanation of his alibi that when the robbery occurred he was looking for drugs and prostitutes and a houseguest was borrowing his car, and his explanation that his hands were often red because he is a gardener. The district court's finding that Gonzalez's *Miranda* waiver during the pre-arrest interrogation was knowing and intelligent was not clearly erroneous. *See id.*

Gonzalez also seeks a limited remand under *United States v. Ameline*, 409 F.3d

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1073 (9th Cir.2005) (en banc), even though he entered into a plea agreement in which he waived the right to appeal his sentence. This argument is foreclosed by *United States v. Cortez–Arias*, 403 F.3d 1111, *as amended,* 425 F.3d 547, 548 (9th Cir.2005), in which we held that a defendant who knowingly and voluntarily waives the right to appeal his sentence in a plea agreement may not thereafter seek an *Ameline* remand on direct appeal.

**AFFIRMED and DISMISSED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.