**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Angel BARBA De La Torre, Defendant—Appellant.**

No. 04–50341.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed March 8, 2007.

Becky S. Walker, Esq., Kevin Lally, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

William C. Melcher, Esq., Melcher Melcher & Melcher Trillium Towers Center,

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Woodland Hills, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

## MEMORANDUM **

Angel Barba De La Torre appeals his conviction and sentence for conspiracy to aid and abet the manufacture of methamphetamine, in violation of 21 U.S.C. § 846.

Barba argues that the district court erred by refusing to suppress evidence obtained from the February 7 and February 10 searches, but both of the underlying warrant affidavits set forth a substantial basis to support the magistrate's finding of probable cause. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavits recounted a pattern of conduct consistent with the operation of a methamphetamine lab and "most surely would create a high level of suspicion in a trained and experienced officer, on whose suspicions the magistrate was entitled to rely." *United States v. Ocampo,* 937 F.2d 485, 490 (9th Cir.1991). The affiant also provided sufficient details to show there was "a reasonable nexus" between the criminal activity and the place to be searched. *Id.*

Barba also argues that, notwithstanding his appeal waiver, he is entitled to a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc), because the district court sentenced him under the then-mandatory Guidelines. Barba conditioned his waiver on the constitutionality of his sentence, but the district court's treatment of the Guidelines as mandatory is a nonconstitutional error, *see id.* at 1084, and the objection Barba raises is not otherwise beyond the scope of an appeal waiver, *see United States v. Cortez-Arias,* 403 F.3d 1111, 1114 n. 8 (9th Cir.2005), *as amended,* 425 F.3d 547, 547–48 (9th Cir.2005). We therefore dismiss his sentencing appeal.

AFFIRMED IN PART; DISMISSED IN PART.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

