**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Florentino VILLEGAS–DELGADILLO, Defendant–Appellant.**

No. 07–30283.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Rafael M. Gonzalez, Jr., Esquire, Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Dennis A. Benjamin, Esquire, Nevin Benjamin & McKay, LLP, Boise, ID, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS and WARDLAW, Circuit Judges.

### MEMORANDUM **

Florentino Villegas–Delgadillo appeals from the 135–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine and heroin, distribution of methamphetamine and heroin, and being a deported alien found in the United States, all in violation of 8 U.S.C. § 1326 and 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Villegas–Delgadillo challenges the district court's application of a four-level aggravating role enhancement under U.S.S.G. § 3B1.1. The district court's four-level enhancement under U.S.S.G. § 3B1.1(a) was not clearly erroneous because the unchallenged evidence supports the district court's determination that Villegas–Delgadillo was an organizer or leader. *See United States v. Garcia,* 497 F.3d

** This disposition is not appropriate for publication and is not precedent except as provid-

964, 969–70 (9th Cir.2007); *United States v. Avila,* 95 F.3d 887, 889 (9th Cir.1996).

Villegas–Delgadillo contends that he is entitled to a limited remand for resentencing pursuant to *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc), because the district court sentenced him under the then-mandatory Guidelines. However, with the exception of a sentence exceeding the statutory maximum or resulting from "an incorrect application of the sentencing guidelines to which the defendant filed a proper and timely objection," Villegas–Delgadillo "knowingly and voluntarily" waived the right to appeal his sentence or "the manner in which the sentence was imposed." Villegas–Delgadillo's challenge to the district court's treatment of the Guidelines as mandatory was not raised in the district court and is therefore precluded by the plea agreement. *See United States v. Cortez–Arias,* 425 F.3d 547, 547–48 (9th Cir.2005), *amending* 415 F.3d 977 (9th Cir.2005).

**AFFIRMED.**