**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10180 |
| Plaintiff - Appellant, | DC No. 3:08-0776 EMC |
| v. | |
| TREARL MALONE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before:     HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

The United States appeals the district court's order reducing Appellee Trearl

Malone's sentence under 18 U.S.C. § 3582(c)(2). We conclude that Malone

waived his right to move for a sentence reduction under § 3582(c)(2) in his

underlying plea agreement. Accordingly, we reverse.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In his plea agreement, Malone waived "any right [he] may have to file any collateral attack on [his] conviction or sentence, including a . . . motion under 18 U.S.C. § 3582 . . . ." Such a waiver is enforceable if "(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (internal quotation marks omitted). Malone does not dispute that the agreement's language squarely waived his right to file a § 3582 motion or that the waiver was knowing and voluntary. Instead, Malone argues that the waiver is unenforceable because (1) it would result in a "manifest injustice," and (2) the district court had *sua sponte* authority to grant a § 3582 sentence reduction. The district court did not address the government's waiver argument in its sentence reduction order, although the issue was properly raised.

First, even assuming that plea agreement waivers can be excused to avoid "manifest injustice," Malone has failed to make such a showing in this case. The record does not evince any recognized ground for excusing waiver, such as "claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Moreover, "a favorable change in the law does not entitle a defendant to renege on

-2-

a knowing and voluntary guilty plea." *United States v. Cortez-Arias*, 425 F.3d 547, 548 (9th Cir. 2005). Accordingly, there is no manifest injustice to excuse enforcement of the waiver.

Second, although § 3582(2)(c) authorizes a court to reduce a defendant's sentence "on its own motion," that power was not exercised in this case. Malone argues that his § 3582 motion "merely alerted the district court that a sentence reduction could be warranted." However, Malone's filing was not framed as a notice to the court, but instead as a formal motion. And, in granting the requested relief, the district court explicitly granted the motion and did not rely on its *sua sponte* authority. Accordingly, the district court's unexercised *sua sponte* authority cannot be invoked to excuse Malone's violation of the express terms of the plea agreement.

The order of the district court granting Malone's § 3582 motion is reversed and the case is remanded with directions to reinstate Malone's original sentence. **REVERSED and REMANDED.**