UNITED STATES of America, Plaintiff—Appellee,

v.

Michael GIBSON, Defendant—Appellant.

No. 04–10638.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. *See*

Darin Lahood, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Todd Leventhal, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Michael Gibson appeals from his guilty-plea conviction and 84–month sentence imposed for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

(1967), counsel for Gibson has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. No pro se supplemental brief has been filed.

Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Gibson knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (noting that the changes in sentencing law imposed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

Counsel's motion to withdraw is **GRANTED.** The appeal is **DISMISSED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.