UNITED STATES of America,
Plaintiff—Appellee,

v.

David DOLIVEK, Defendant—
Appellant.

No. 05–50245.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Becky S. Walker, Esq., Sally L. Meloch, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, David Doli-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

vek, Adelanto, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

David Dolivek appeals from his guilty-plea conviction and 121–month sentence imposed for possession of child pornography, possession of more than five grams of crack cocaine, and unauthorized importation of a destructive device, in violation of 18 U.S.C. §§ 922(1), 2252A(a)(5)(B), and 21 U.S.C. § 844.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Dolivek has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. Dolivek has filed a pro se supplemental brief. The government has filed a motion to dismiss.

Because our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Dolivek knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (noting that the changes in sentenc-

ing law imposed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

The government's motion to dismiss is **GRANTED**. Counsel's motion to withdraw is **GRANTED**.

**DISMISSED.**