**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shayne KEDEKEIN, Defendant–Appellant.**

No. 05–10520.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 11, 2007.

John Joseph Tuchi, Timothy T. Duax, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Donald W. MacPherson, Esq., The MacPherson Group, PC, Glendale, AZ, Shayne Kedekein, Federal Correctioal Institution, Safford, AZ, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Shayne Kedekein appeals from his guilty-plea conviction and 60–month sentence imposed for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Kedekein has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record. Kedekein filed a pro se supplemental brief. No answering brief has been filed.

Because our independent review of the record and briefs pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), indicates that Kedekein knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement, we enforce the waiver and dismiss the appeal.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (noting that the changes in sentencing law imposed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render waiver of appeal involuntary and unknowing).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**